**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Ahmad Taha, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:19-cv-00432 |
| | : | |
| vs. | : | Judge Michael R. Barrett |
| | : | |
| Werner Enterprises, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## ORDER

This matter is before the Court on the Magistrate Judge's June 12, 2019 Report and Recommendation (Doc. 4), in which she recommends that Plaintiff's Complaint be dismissed with prejudice.  Plaintiff timely filed an Objection on June 17, 2019 (Doc. 5), which he supplemented in letter form on July 25, 2019 (Doc. 6).

Plaintiff's *pro se* Complaint alleges, verbatim, "I try to get my license clean so I can have the job I love and back to the school."  (Doc. 3 at PageID 13).  The Magistrate Judge found this premise "insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction."  (Doc. 4 at PageID 16).  She noted further that the Complaint "provides no factual content or context from which the Court may reasonably infer that the named defendant violated [P]laintiff's rights."  (*Id.*). This Court agrees.

Plaintiff's Objection, as supplemented, does not support a different conclusion. Plaintiff explains that he cannot find a truck driving job because Defendant Werner Enterprises "put a wrong information about me on the internet," that information

purportedly concerning a U-turn and subsequent accident. (Doc. 6 at PageID 22). Plaintiff "need[s] the help from the Court to fix my information." (*Id.*). It is not clear to the Court whether Plaintiff actually disputes the accuracy of this information or whether he simply thinks it should not disqualify him from future employment as a truck driver. Regardless, neither scenario confers subject matter on the Court.

In his Complaint, Plaintiff indicates that he is a resident of Cincinnati, Ohio with Defendant a resident of Springfield, Ohio.[1] (Doc. 3 at PageID 10, 11). He claims subject matter jurisdiction based on 28 U.S.C. § 1343(3) ("A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.") and 28 U.S.C. § 1331 ("A lawsuit 'arising under the Constitution, laws, or treaties of the United States.'"). By all indications, Defendant Werner Enterprises is a private employer and thus cannot act "under color of State law." Jurisdiction under 28 U.S.C. § 1343(3), therefore, is not possible. Moreover, neither the United States Constitution, nor any federal statutes of which this Court is aware, protects an employee from what *conceivably* could be described as conduct defamatory in nature. Jurisdiction under 28 U.S.C. § 1331 likewise is not possible. Because jurisdiction does not attach on either of these bases, dismissal is required.

Having conducted a de novo review, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's June 12, 2019 Report and Recommendation (Doc. 4). Accordingly, Plaintiff's Complaint is **DISMISSED with PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

---

[1] Assuming this Court had subject matter jurisdiction, which it does not, proper venue would lie in the Western Division at Dayton based on Defendant's Springfield, Clark County, Ohio residence. *See* S.D. Ohio Civ. R. 82.1(b), (c).

Furthermore, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal of this Order would not be taken in good faith and thus Plaintiff is denied leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court